**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TATYANA LAVRENCHUK,**

   **Plaintiff,**

              **Case No. 2:25-cv-1295**
              **Judge Edmund A. Sargus, Jr.**
   **v.**          **Magistrate Judge Elizabeth A. Preston
              Deavers**


**RED ROOF INN, INC.,**

   **Defendant.**


## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Tatyana Lavrenchuk, proceeding *pro se*, initiated this action by filing an application to proceed *in forma pauperis*.  (ECF No. 1.)  Pursuant to the Court's Order (ECF No. 2), Plaintiff filed a supplemental motion.  (ECF No. 4.)  The Motion (ECF No. 4) is **GRANTED**.[1]  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  For the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

---

[1] ECF No. 1 is **DENIED as moot**.

## I.      STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

*       *       *

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015).  "An

---

[2] Formerly 28 U.S.C. § 1915(d).

action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim

3

asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-CV-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.    ANALYSIS

The Undersigned concludes that Plaintiff's Complaint should be dismissed. Plaintiff generally alleges that Defendant Red Roof Inn[s], Inc. conspired with unidentified public actors to "obstruct Plaintiff's access to justice." (ECF No. 1-1, at PageID 3.) Plaintiff asserts five counts: Count I, Malicious Prosecution; Count II, Wrongful Eviction/Breach of Guest Rights; Count III, Intentional Misrepresentation/Procedural Fraud; Count IV, Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985); and Count V, Emotional Distress. (*Id.* at PageID 6–7.) Plaintiff asserts that she filed a complaint with a "corporate office" about the conditions of a Red Roof Inn in Ohio, and shortly after, Defendant, through an unidentified agent, retaliated by evicting her from the property. (*Id.* at PageID 5.) An unidentified agent purportedly called the police on Plaintiff, which led to her arrest. (*Id.*) Plaintiff claims that she filed a lawsuit against Defendant in Avon Lake Municipal Court, Defendant did not participate, and the court dismissed the case. (*Id.*) The Undersigned first addresses Plaintiff's federal-law claim, 42 U.S.C. § 1985.

The Undersigned recommends that the Court dismiss Count IV for failure to state a claim upon which relief may be granted. Plaintiff alleges that Defendant conspired with unidentified public officials "to obstruct Plaintiff's access to justice in violation of 42 U.S.C. § 1985(2) and/or

4

§ 1985(3)." (*Id.* at PageID 7.) Construing Plaintiff's Complaint liberally, the applicable portion of Section 1985(2) prohibits two or more persons conspiring

> for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .

42 U.S.C. § 1985(2). The applicable portion of Section 1985(3) prohibits two or more persons conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

Conspiracy claims must be pled with some degree of specificity. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations unsupported by material facts are not sufficient to state a conspiracy claim. *Id.* "The specificity required by § 1985 requires a plaintiff to allege (1) specific conduct that violated his rights, (2) the time and place of that conduct and (3) the identity of the responsible parties." *Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 830 (S.D. Ohio 1998), *aff'd*, 194 F.3d 1311 (6th Cir. 1999). In order to plead a conspiracy under Section 1985, Plaintiffs must allege facts that, if true, would show that Defendant either acted in concert or in furtherance of a common objective with another entity to injure Plaintiff. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).[3]

---

[3] Courts "generally agree that the second clause of Section 1985(2) carries the same pleading requirement as Section 1985(3)." *Sterling v. Trotter*, No. C2-01-528, 2002 WL 484983, at *7 n.9 (S.D. Ohio Mar. 27, 2002) (citing *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975); *Herrmann v. Moore*, 576 F.2d 453, 457–58 (2nd Cir. 1978); and *Pravda v. City of Albany, N.Y.*, 956 F. Supp. 174, 180 (N.D.N.Y. 1997) ("It is well settled that a plaintiff attempting to establish a claim under 42 U.S.C. § 1985(2), clause 2, or § 1985(3), must demonstrate that the [d]efendant under consideration acted with class-based invidiously discriminatory animus.")).

Here, Plaintiff fails to meet the specific requirements of a conspiracy claim under either Section 1895(2) or 1985(3).  As an initial matter, Plaintiff does not identify any person or party that allegedly conspired with Defendant.  Plaintiff refers to Defendant's purported conspirators as public officials and judicial officers.  (ECF No. 1-1, at PageID 7.)  In addition, Plaintiff provides nothing more than conclusory allegations that Defendant acted in concert with unidentified people.  For example, Plaintiff asserts that Defendant "influenced or benefitted from irregular judicial proceedings."  (*Id.* at PageID 7.)  Moreover, Plaintiff fails to allege any facts suggesting that Defendant's purported actions were motivated by racial animus or were class-based.  Section 1985 "only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause . . . ."  *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir. 2000) (citing *Browder v. Tipton,* 630 F.2d 1149 (6th Cir.1980)).  Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count IV for failure to state a claim upon which relief may be granted.

Next, the Undersigned recommends that the Court decline to exercise jurisdiction over Counts I–III and V.  Although unclear, the Court assumes Plaintiff alleges violations of Ohio state law.  Under 28 U.S.C. § 1367, the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well."  *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted).  The Undersigned **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims and **DISMISS without prejudice** those claims.

### III.     CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count IV pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted and Counts I–III and V pursuant to 28 U.S.C. § 1367(c)(3).  The Undersigned **RECOMMENDS** that the Court **DENY** ECF No. 3 **as moot**.

The Undersigned **FURTHER RECOMMENDS** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

7

**IT IS SO ORDERED.**

Date:  December 11, 2025                    /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE

8