**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TATYANA LAVRENCHUK,

      **Plaintiff,**

      v.

RED ROOF INN, INC.,

      **Defendant.**

                            **Case Number 2:25-cv-1295**
                            **Judge Edmund A. Sargus, Jr.**
                            **Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Order and Report and Recommendation recommending dismissal of Plaintiff Tatyana Lavrenchuk's Complaint. (ECF No. 7.) Plaintiff filed a timely Objection. (ECF No. 8.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 8) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 7).

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendant Red Roof Inn[s], Inc., alleging that it conspired with unidentified public actors to "obstruct Plaintiff's access to justice." (ECF Nos. 1-1, 7.) Plaintiff asserts that she was staying at a Red Roof Inn in Independence, Ohio, and filed a complaint with the corporate office about the conditions of her room. (ECF No. 1-1, PageID 4.) About thirty minutes later, a hotel manager came to the room, issued her a refund, and ordered her to vacate the property. (*Id.* PageID 5.) Plaintiff "responded with a non-verbal gesture but did not refuse to leave." (*Id.*) Nevertheless, a hotel manager called the police, which led to Plaintiff's arrest. (*Id.*) Plaintiff says she filed a

lawsuit against Defendant in Avon Lake Municipal Court, Defendant did not participate, and the court dismissed the case. (*Id.* PageID 5–6.) Plaintiff then filed the instant lawsuit bringing five counts against Defendant: Count I, Malicious Prosecution; Count II, Wrongful Eviction/Breach of Guest Rights; Count III, Intentional Misrepresentation/Procedural Fraud; Count IV, Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985); and Count V, Emotional Distress. (*Id.* PageID 6–7.)

The Magistrate Judge conducted an initial screen of the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and recommended that Plaintiff's Complaint be dismissed. (ECF No. 7, PageID 57.) Specifically, the Magistrate Judge recommended (1) that Plaintiff's federal claim, Count IV, be dismissed for failure to state a claim upon which relief may be granted and (2) that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, Counts I–III and V. (*Id.* PageID 60–62.) The Magistrate Judge also recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith and deny Plaintiff leave to appeal *in forma pauperis*. (*Id.* PageID 63.)

## ANALYSIS

If a party timely objects to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In her Objection, Plaintiff argues that the Magistrate Judge erred in recommending dismissal of Count IV because the Complaint sufficiently alleges a conspiracy between Red Roof

Inns, Inc., and "judicial actors" to interfere with her civil rights in violation of 42 U.S.C. § 1985. (ECF No. 8, PageID 66.) She asserts that she is not required to identify every conspirator by name at the pleading stage. (*Id.*) As the Magistrate Judge explained, conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts are not sufficient to state a conspiracy claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Guindon v. Twp. of Dundee*, 488 F. App'x 27, 39 (6th Cir. 2012); *Meitzner v. Schuette*, No. 19-1360, 2020 U.S. App. LEXIS 398, at *3 (6th Cir. Jan. 7, 2020). Additionally, conspiracy claims under 42 U.S.C. § 1985 must contain allegations of "class-based, invidiously discriminatory animus" based on race or other "inherent personal characteristics." *Webb v. United States*, 789 F.3d 647, 672 (6th Cir. 2015) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) and *Browder v. Tipton*, 630 F.2d 1149, 1150 (6th Cir. 1980)). The Magistrate Judge correctly concluded that Plaintiff's conspiracy claim fails to state a claim upon which relief can be granted because Plaintiff makes only conclusory allegations of a conspiracy and fails to allege any facts that Defendant's actions were motivated by racial animus or based on class.

Plaintiff also objects to the "premature *sua sponte* dismissal" of her conspiracy claim on the incorrect assumption that "the action ha[s] already passed initial screening." (ECF No. 8, PageID 66.) To be clear, Plaintiff's action is currently before the Court for review of the Magistrate Judge's initial screen under 28 U.S.C. § 1915(e)(2). Because a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Magistrate Judge conducted an initial screen of Plaintiff's Complaint and correctly recommended that Claim IV be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, Plaintiff objects to the Magistrate Judge's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims because they arise from the same nucleus of operative facts as Count IV. (ECF No. 8, PageID 67.) But under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when it has dismissed the claims over which it had original federal jurisdiction. Moreover, if a plaintiff's federal claims are dismissed, the state claims should generally be dismissed as well. *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims."). Because Plaintiff's federal claim is dismissed, the Court adopts the Magistrate Judge's recommendation and declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

### CONCLUSION

For the reasons stated above, the Court **OVERRULES** (ECF No. 8) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 7) the Magistrate Judge's Order and Report and Recommendation. The Court **DISMISSES** Count IV for failure to state a claim upon which relief can be granted. The Court further declines to exercise supplemental jurisdiction over Counts I–III and V and **DISMISSES without prejudice** those claims.

Further, (ECF No. 3) Plaintiff's Motion to Authorize Electronic Delivery of Court Orders and Notices and (ECF No. 5) Plaintiff's Motion to Obtain Electronic Case Filing Rights are **DENIED as moot**.

Pursuant to 28 U.S.C. § 1915(a)(3), this Court **CERTIFIES** that any appeal of this Order would not be taken in good faith, and Plaintiff is therefore denied leave to appeal *in forma pauperis*.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff Tatyana Lavrenchuk at 377 Lear Road, Avon Lake, Ohio 44012.

**IT IS SO ORDERED.**

4/16/2026               **s/Edmund A. Sargus, Jr.**
**DATE**                       **EDMUND A. SARGUS, JR.**
                            **UNITED STATES DISTRICT JUDGE**